■ In the Matter of the Claim of BERNARD S. BOGDANOWICZ, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which held claimant entitled to credit for service as a clerk while attending college. The appellant Commissioner contends that such service must be excluded under the provisions of the Labor Law (§ 511, subds. 1, 9). Claimant, while a regular and full-time day student at Utica College, was employed by a manufacturer for 42 weeks as a clerk-typist and general clerk, working a 3:30 P.M. to midnight shift. The board found that claimant intended to attend law school and to obtain a law degree and that his applications to several law schools were pending. The factual situation closely parallels that in *Matter of Augustine* (*Catherwood*) (9 A D 2d 837), and for the reasons stated in our memorandum in that case the decision here must be reversed. Decision of the Unemployment Insurance Appeal Board unanimously reversed and the initial determination of the Industrial Commissioner reinstated, without costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.

■ FLOYD J. COOK, Respondent, v. RAY L. BURMASTER, Appellant. PEIRCE BROS. OIL SERVICE, INC., Respondent, v. RAY L. BURMASTER, Appellant. — This is an appeal from judgments in favor of the plaintiffs in an automobile negligence case. The individual plaintiff was the driver and the corporate plaintiff the owner of an automobile truck which came in collision with an automobile owned and operated by the defendant at an intersection. On May 6, 1955, about 8:30 A.M., the plaintiff was proceeding in a westerly direction on Route 116 and the defendant in a northerly direction on Route 420. There was a stop sign at the intersection of the road on which the defendant was traveling and there were warning intersection signs on the road travelled by the plaintiff. The operation of the automobiles of the parties as they approached the intersection was described. The automobile of the defendant struck the side of the truck as a result of which it rolled over several times and the plaintiff driver was thrown from the truck landing on the road. This was purely a factual question resolved by the jury in favor of the plaintiffs. The damages to the corporate truck were stipulated between the respective parties and while it may be said the verdict rendered to the individual plaintiff Cook was substantial, it was within the province of the jury and not excessive as a matter of law. The defendant raises objections with reference to the charge of the court. We are convinced from a reading of the charge in its entirety that it was not prejudicial and that it was fair to the respective litigants. Judgments and orders unanimously affirmed, with one bill of costs against the defendant in favor of plaintiffs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.